UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD C. GREENLAND,

                Plaintiff,

        v.

THE MUNICIPALITY OF WESTCHESTER
COUNTY, *et al.*,

                Defendants.

No. 18-CV-3157 (KMK)

<u>OPINION & ORDER</u>

<u>Appearances</u>:

Ronald C. Greenland
Attica, NY
*Pro Se Plaintiff*

Loren Zeitler, Esq.
Westchester County Department of Law
White Plains, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

        Ronald C. Greenland ("Plaintiff"), currently incarcerated at Attica Correctional Facility, brings this Action pro se against The Municipality of Westchester County (the "County"); The Westchester District Attorney Office (the "District Attorney's Office"); Lana Hochheiser ("Hochheiser"); John O'Rourke ("O'Rourke"); Paul Noto ("Noto"); The Westchester County Police and Public Safety (the "Police"); Glenna Lunn ("Lunn"); Edward W. Kelch ("Kelch"); James Greer ("Greer"); Department Laboratories and Research Division of Forensic Science ("Laboratories"); and Mary E. Eustace ("Eustace") (collectively, "Defendants"), under 42 U.S.C. § 1983 and § 1985; 18 U.S.C. § 241 and § 242; the Universal Declaration of Human Rights Articles 8, 10, and 12; and state law. (*See generally* Compl. (Dkt. No. 2).) Before the Court is Defendants' Motion To Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the

"Motion"). (*See* Not. of Mot.; Defs.' Mem. in Supp. of Mot. ("Defs.' Mem") (Dkt. Nos. 29, 31).) For the reasons stated herein, the Motion is granted.

## I. Background

### A. Factual Background

The following facts are drawn from Plaintiff's Complaint and an exhibit referenced therein and are taken as true for the purpose of resolving the instant Motion.[1,2]

Plaintiff alleges that Defendants worked "in-concert" to "slander and defame Plaintiff['s] character" through "social media and local and international newspaper[s]." (Compl. ¶ 21.) Plaintiff alleges that a conspiracy began as early as his "initial arrest," which allegedly occurred on November 8, 2016, (*id.* at ¶¶ 21, 22), when Plaintiff apparently "tripped and fell" in transit "back and forth to the Courts," (*id.* ¶ 22). Plaintiff alleges that an unspecified individual involved in the criminal proceedings stated, "we are going to put case on you . . . this world would be a better place without you, I've known about your crime spree for a number of years." (*Id.*) Plaintiff alleges that Defendants conspired to publish the Article, published on August 7, 2017, which was entitled "DNA evidence links convict to multiple rapes, but authorities can't do

---

[1] In the Complaint, Plaintiff refers to an article (the "Article") published in the *New York Post* on August 7, 2017. (*See* Compl. ¶ 23.) Although Plaintiff refers to the Article as "Exhibit A" in the Complaint, (*id.* ¶ 25), Plaintiff did not attach it to his Complaint. Defendants attached it as Exhibit B to the Declaration of Loren Zeitler, Esq., in Support of the Motion. (*See generally* Zeitler Decl. in Supp. of Mot. ("Zeitler Decl.") Ex. B (the "Article") (Dkt. No. 30-2).) Because the Article appears to form the basis of many of Plaintiff's allegations, the Court will consider it in deciding the instant Motion. *See Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (noting that a district court may consider "documents . . . incorporated in the complaint by reference"); *McDonald v. Hempstead Union Free Sch. Dist.*, No. 18-CV-5658, 2019 WL 2716179, at *3 (E.D.N.Y. June 28, 2019) ("A document may be considered on a motion to dismiss where the plaintiff has relied on the terms and effect of the document in drafting the complaint." (quotation marks and alterations omitted) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002))).

[2] The Court notes that the Complaint is often difficult to understand. The factual background represents the Court's best attempt at understanding Plaintiff's grievances.

a thing." (*Id.* ¶ 25; Article). Plaintiff alleges that the Article was misleading and incorrectly depicted Plaintiff as a "violent offender" and an illegal immigrant. (Compl. ¶ 24.) According to the Complaint, the article "went viral," and, as a result, caused Plaintiff to lose his job and "receive[] numerous unprovoked attacks while . . . incarcerated." (*Id.* ¶¶ 27, 29.) Plaintiff also alleges that, during family visitation, his family members are "treated with malice and contempt" and experience "finger pointing and name calling." (*Id.* ¶ 29.)

Plaintiff also appears to allege that Kelch, Lunna, O'Rourke, Eustace, Noto, and Hochheiser all participated in some sort of conspiracy to "back log[]" Plaintiff's DNA from a buccal swab and subsequently shared the DNA connection to past crimes with the *New York Post*. (*Id.* ¶¶ 34–38.) Plaintiff also appears to allege that he was unable to cross-examine witnesses about "the authenticity of the [DNA] sample for foundation purposes," (*id.* ¶ 41), but does not provide any details about what allegedly occurred at the criminal trial.

B. Procedural Background

Plaintiff filed his Complaint and Request to Proceed In Forma Pauperis ("IFP") on April 10, 2018. (*See generally* Compl.; Dkt. No. 2.) Plaintiff was granted IFP status on May 10, 2018. (Dkt. No. 5.) On May 14, 2018, the Court sua sponte dismissed Plaintiff's claims against the District Attorney's Office, the Police, and the Laboratories because they were municipal agencies or departments and therefore could not be sued under New York law. (*See* Order of Service 2 (Dkt. No. 7).) The Clerk of Court was ordered to remove those parties from the caption of the Action, and the Court clarified that the dismissals were "without prejudice to any defenses that the [County] may wish to assert." (*Id.*) In the same Order, the Court directed service on the individual defendants and the County. (*Id.*)

On February 15, 2019, Defendants filed the instant Motion. (*See* Not. of Mot.; Zeitler Decl.; Defs.' Mem.) On March 25, 2019, Plaintiff filed an Opposition. (Pl.'s Mem. in Opp'n to

3

Mot. ("Pl.'s Mem.") (Dkt. No. 36).) On April 8, 2019, Defendants filed a Reply. (*See* Defs.' Reply in Supp. of Mot. ("Defs.' Reply") (Dkt. No. 38).)

II. Discussion

A. Standard of Review

The Supreme Court has held that, while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, quotation marks, and alterations omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation marks and alteration omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the

4

hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . . " (quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the "complaint[] must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks and citation omitted). When a plaintiff proceeds pro se, however, the Court may consider "materials outside the complaint to the extent that they are consistent with the

allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including, as relevant here, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted).

B.  Analysis

Defendants argue that Plaintiff's Complaint should be dismissed for failure to comply with Federal Rule of Civil Procedure 8(a)(2).  (*See* Defs.' Mem. 4.)  The Court agrees.

The "principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial."  *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see also Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("The key to Rule 8(a)'s requirements is whether adequate notice is given.").  "Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."  *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (citation and quotation marks omitted); *see also Clifton v. HRA Nyc Govt*, No. 16-CV-1753, 2016 WL 4203486, at *2 (E.D.N.Y. Aug. 9, 2016) ("[The plaintiff] must provide facts sufficient to allow each defendant to have a fair understanding of what [the plaintiff] is complaining about and to know whether there is a legal basis for recovery.").  If the Complaint "fails to comply with th[is] requirement[ ], the . . . [C]ourt has the power . . . to dismiss [it]."  *Simmons*, 49 F.3d at 86.  Dismissal for failure to comply with Rule 8 "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Id.* (citation and quotation marks omitted); *see also Guichardo v. Officer Keefrey*, No. 15-CV-6478, 2015 WL 7575904, at *2 (E.D.N.Y. Nov. 24, 2015) (same).

Here, even when construed liberally, the Complaint as it stands now is sufficiently unintelligible to merit dismissal under Federal Rule of Civil Procedure 8(a)(2). The Complaint is replete with examples of "mere conclusory statements," *Iqbal*, 556 U.S. at 678, such as: "This cause of action was the precise state of heightened reaction interest that were meant to provoke and cause emotional disturbance highly disturbing vivid impact, that was based on a fictitious sensational fabricated story by the defendants," (Compl. ¶ 28). The Complaint also contains "[t]hreadbare recitals of the elements of a cause of action," *Iqbal*, 556 U.S. at 678, without addressing what facts, if any, apply to those elements or, occasionally, which cause of action Plaintiff intends to invoke. (*See, e.g.*, Compl. ¶ 41 (citing to *Crawford v. Washington*, 541 U.S. 36 (2004), without mentioning which facts show a violation of the Confrontation Clause); *id.* ¶ 45 (reciting elements of state created danger theory doctrine without articulating what specific actions satisfy those elements); ¶ 56 (alleging that Defendants "acted wantonly, recklessly, will[]fully and maliciously, and 'in-concert' with additional state and County Official's showing a deliberate indifference toward [P]laintiff").)

Plaintiff's claims, which mostly pertain to the publication of the Article and Plaintiff's DNA sample, are "vague and incomprehensible," failing to specify any particular action that Defendants have taken to violate Plaintiff's constitutional rights.[3] *Middleton v. United States*, No. 10-CV-6057, 2012 WL 394559, at *6 (E.D.N.Y. Feb. 7, 2012) (dismissing a pro se complaint where the plaintiff generally accused the defendants of "illegal tactics," "falsifying papers," and "discredit[ing] plaintiff"); *see also Harden v. Doe*, No. 19-CV-3839, 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (dismissing a pro se complaint with leave to amend where "it is

---

[3] The Court notes that Plaintiff's allegations regarding the DNA sample are virtually unintelligible. It is not clear who exactly Plaintiff is implicating in the conspiracy or what the conspiracy is.

7

lengthy, includes unnecessary and unimportant details, and lacks sufficient relevant details to state a claim"); *Robinson v. Page*, No. 18-CV-12233, 2019 WL 2209237, at *3 (S.D.N.Y. May 20, 2019) (same); *Celli v. N.Y.C. Dep't of Educ.*, No. 15-CV-3679, 2017 WL 5479653, at *2 (E.D.N.Y. Jan. 9, 2017) (denying reconsideration of the dismissal of a pro se complaint because it contained "extensive rants" and "rambling allegations"); *cf. Jones v. Westchester County*, 182 F. Supp. 3d 134, 148 (S.D.N.Y. 2016) (denying motion to dismiss under Rule 8 where a second amended complaint "contain[ed] a succinct retelling of a specific sequence of events . . . and expressly ascribe[d] specific acts to specific individual [d]efendants" (citation omitted)). The deficiencies of the Complaint, discussed in some further detail below, go beyond a failure only to "plead the legal theory . . . or elements underlying his claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). Instead, Plaintiff's allegations are so "confused, ambiguous, vague and otherwise unintelligible [such] that its true substance is well disguised." *Simmons*, 49 F.3d at 86 (citation and quotation marks omitted). Plaintiff's failure to comply with Rule 8(a)(2) alone merits dismissal. *See Salahuddin*, 861 F.2d at 42 ("When a complaint does not comply with [Rule 8(a)(2)], the court has the power, on its own initiative or in response to a motion by the defendant, to . . . dismiss the complaint." (citation omitted)). The Court further addresses certain specific deficiencies to the extent they are decipherable below.

To the extent that Plaintiff alleges that he was denied his Sixth Amendment right to confront and cross-examine witnesses who testify against criminal defendants, Plaintiff has not articulated any facts that demonstrate to the Court when and how Plaintiff was deprived of this right. The Sixth Amendment right to confront witnesses pertains to "criminal prosecutions" and

8

not to statements to the media. *Soto v. City of New York*, No. 04-CV-4559, 2005 WL 66893, at *5 (S.D.N.Y. Jan. 11, 2005).[4]

To the extent that Plaintiff appears to accuse Defendants of conspiring with the media to characterize him as a violent offender and illegal immigrant in the Article, (Compl. ¶¶ 23–27), such allegations do not constitute a cognizable constitutional violation contemplated by 42 U.S.C. § 1983 or § 1985.[5] *See Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ("Defamation . . . is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." (citation omitted)); *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 347 (S.D.N.Y. 2014) (noting that conspiracy to commit a tort is not an independent cause of action); *Cuoco v. U.S. Bureau of Prisons*, No. 98-CV-9009, 2001 WL 167694, at *3 (S.D.N.Y. Feb. 16, 2001) (explaining that § 1985 "does not provide any substantive rights" but only "provides a remedy for violation of the rights it designates," such as rights articulated by the Constitution or other laws (citations and quotation marks omitted)).

Plaintiff's claims under the "state created danger theory doctrine," Title 18 of the United States Code, and the Universal Declaration of Human Rights are also not cognizable. The state-created danger doctrine applies when "a state actor aids and abets a private party in subjecting a

---

[4] The Court notes that the Parties appear to dispute whether Plaintiff had actually been tried at the time that he filed his Complaint. (*See* Defs.' Mem. 3.) Plaintiff himself wrote in his Complaint that he "will be on trial in the coming weeks for his offenses," (Compl. ¶ 48), but later asserted that he had already been convicted by October 25, 2017, several months before his Complaint was filed, (*see* Pl.'s Mem. ¶ 4). Even assuming that Plaintiff's latter assertion is true, Plaintiff has not articulated beyond "naked assertions" what events would constitute a violation of Plaintiff's rights under the Confrontation Clause. *Iqbal*, 556 U.S. at 678.

[5] Plaintiff requests injunctive relief in the form of removing the Article from "the internet and any internet accessible networks." (Compl. ¶ 57.) The Court notes that Plaintiff has not named the *New York Post* as a defendant in this Action.

citizen to unwarranted physical harm." *Golian v. N.Y.C. Admin. for Children Servs.*, 282 F. Supp. 3d 718, 730 (S.D.N.Y. 2017) (citation, alterations, quotation marks omitted). This cause of action requires allegations that a state actor "affirmatively encouraged third party violence." *Id.* (quotation marks omitted) (citing *Okin v. Village of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 429–30 (2d Cir. 2009)). None of Plaintiff's allegations, even when read liberally, suggests that Defendants committed such acts. Further, Plaintiff's claims under Title 18 are dismissed because "there is no private right of action under criminal statutes." *See Bey v. New York*, No. 11-CV-3296, 2012 WL 4370272, at *7 (S.D.N.Y. Sept. 21, 2012) (citation omitted). Lastly, the Universal Declaration of Human Rights is "a nonbinding resolution, not a treaty." *Haitian Refugee Ctr. v. Gracey*, 809 F.2d 794, 816 n.17 (D.C. Cir. 1987). It does not create a federal cause of action. *See Bey*, 2012 WL 4370272, at *7 ("[T]here is . . . no private right of action under international treaties or provisions of the United Nation's Charter." (collecting cases)); *Joyner-El v. Giammarella*, No. 09-CV-3731, 2010 WL 1685957, at *3 n.4 (S.D.N.Y. Apr. 15, 2010) ("[The United Nation's Universal Declaration of Human Rights] do[es] not create federal causes of action." (citation omitted)).

Because the Court dismisses Plaintiff's Complaint on Rule 8(a)(2) grounds, the Court declines to address Defendants' arguments about personal involvement, qualified immunity, absolute immunity, and municipal liability at this time. (*See* Defs.' Mem. 6–14.)

### III. Conclusion

For the reasons stated above, Defendants' Motion To Dismiss is granted. Because this is the first adjudication of Plaintiff's claims, dismissal is without prejudice. If Plaintiff wishes to file an amended complaint, Plaintiff must do so within 30 days of the date of this Opinion. Plaintiff should include within that amended complaint all changes to correct the deficiencies identified in this Opinion that Plaintiff wishes the Court to consider. Plaintiff is advised that the

amended complaint will replace, not supplement, the instant Complaint. The amended complaint must contain *all* of the claims, factual allegations, and exhibits that Plaintiff wishes the Court to consider. If Plaintiff fails to abide by the 30-day deadline, his claims may be dismissed with prejudice.

The Clerk is respectfully directed to terminate the pending Motion, (Dkt. No. 29), and mail a copy of this Opinion to Plaintiff.

SO ORDERED.

Dated: September 24, 2019
White Plains, New York

KENNETH M. KARAS
United States District Judge