UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD C. GREENLAND,

                  Plaintiff,

           v.

THE MUNICIPALITY OF WESTCHESTER
COUNTY, *et al.*,

                  Defendants.

No. 18-CV-3157 (KMK)

OPINION & ORDER

Appearances:

Ronald C. Greenland
Attica, NY
*Pro se Plaintiff*

Loren Zeitler, Esq.
Westchester County Department of Law
White Plains, NY
*Counsel for Defendants*

KENNETH M. KARAS, United States District Judge:

      Ronald C. Greenland ("Plaintiff"), currently incarcerated at Attica Correctional Facility, brings this pro se Action against the Municipality of Westchester County (the "County"); Lana Hochheiser ("Hochheiser"); John O'Rourke ("O'Rourke"); Paul Noto ("Noto"); Glenna Lunn ("Lunn"); Edward W. Kelch ("Kelch"); James Greer ("Greer"); and Mary E. Eustace ("Eustace") (collectively, "Defendants"), under 42 U.S.C. §§ 1981, 1983, and 1985; 28 U.S.C §§ 1331 and 1343; and the Civil Rights Act of 1870. (*See* Am. Compl. 1–2 (Dkt. No. 43).)[1] Before the Court is Defendants' Motion To Dismiss the Amended Complaint pursuant to Federal Rule of Civil

---

[1] The Court cites to the ECF-stamped page numbers at the upper right-hand corner of Plaintiff's Amended Complaint.

Procedure 12(b)(6) (the "Motion").  (*See* Not. of Mot. (Dkt. No. 50).)  For the reasons stated herein, the Motion is granted.

## I.  Background

### A.  Factual Background

The following facts are drawn from Plaintiff's Amended Complaint and are taken as true for resolving the instant Motion.

Similar to the original Complaint, Plaintiff once again alleges that Noto, O'Rourke, and Hochheiser, all alleged to be state prosecutors, "systematically and clandestinely leaked information to the press concerning Plaintiff's DNA profile."  (Am. Compl. 4.)  Plaintiff claims that this act constituted defamation and should also invoke the state-created danger doctrine because Defendants allegedly "knew the situation they created would . . . defame" Plaintiff's character.  (*Id.*)  Plaintiff alleges that Noto, a supervisor, had "actual" or "constructive" knowledge of Hochheiser and O'Rourke's conduct and that the County also failed to properly train its employees to "accurately interpret and properly exercise" the Constitution.  (*Id.* at 4–5.)

Based on the foregoing, Plaintiff seeks a declaration that Defendants' acts constituted "bad faith prosecution" and that the Court "[a]scertain and decree the amount of damages" that Plaintiff has suffered.  (*Id.* at 6.)  Plaintiff also included a request for the appointment of pro bono counsel in his Amended Complaint.  (*Id.* at 5.)

### B.  Procedural Background

The Court previously provided this Action's procedural history in its September 24, 2019 Opinion & Order granting Defendants' First Motion To Dismiss (the "2019 Opinion").  (*See* Op. & Order ("2019 Op.") (Dkt. No. 42).)  The Court briefly summarizes the proceedings since the issuance of the 2019 Opinion below.

On October 28, 2019, Plaintiff filed the Amended Complaint.  (*See* Am. Compl.) Following the submission of Defendants' Pre-Motion Letter requesting leave to file the instant Motion, (Dkt. No. 44), the Court issued a briefing schedule, (Dkt. No. 45).  On December 9, 2019, Plaintiff submitted a Letter stating that he would withdraw his Amended Complaint if Defendants could ensure that any online material about his case on the news and social media would be erased.  (*See* Dkt. No. 46.)  Defendants responded, stating that they did not control any of the online material to which Plaintiff referred and could not "unpublish or remove" it.  (Dkt. No. 48.)

On December 18, 2019, Defendants submitted their Motion.  (*See* Not. of Mot.; *see also* Decl. of Loren Zeitler, Esq. in Supp. of Mot. ("Zeitler Decl."); Defs.' Mem. of Law in Supp. of Mot. ("Defs.' Mem.") (Dkt. Nos. 51–52).)  On January 15, 2020, Plaintiff submitted a renewed request for appointment of pro bono counsel.  (Dkt. No. 55.)  The Court denied it, explaining that Plaintiff had not shown any material change in the factors that the Court must consider when evaluating requests for pro bono counsel, which the Court had already addressed in a previous Order.  (*See* Dkt. No. 56; *see also* Order (Dkt. No. 23).)  Plaintiff filed an Opposition to the Motion on March 2, 2020.  (*See* Pl.'s Mem. of Law in Opp'n to Mot. ("Pl.'s Mem.") (Dkt. No. 60).)  Defendants filed a Reply on March 19, 2020.  (*See* Defs.' Reply Mem. of Law in Supp. of Mot. ("Defs.' Reply Mem.") (Dkt. No. 61).)  After obtaining leave of the Court, Plaintiff filed a Sur-Reply on May 22, 2020.  (*See* Pl.'s Reply Mem. of Law in Opp'n to Mot. ("Pl.'s Reply Mem.") (Dkt. No. 67).)

## II.  Discussion

### A.  Standard of Review

The Supreme Court has held that, while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, alterations, and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (alteration and quotation marks omitted). Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id.* at 563, and a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face," *id.* at 570, if a plaintiff has not "nudged [his or her] claim[] across the line from conceivable to plausible, the[] complaint must be dismissed," *id.*; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (citation omitted) (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2))); *id.* at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency

4

of a complaint we accept as true all factual allegations . . . . " (quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the "complaint[] must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (quotation marks omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and quotation marks omitted)).

Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks and citation omitted). When a plaintiff proceeds pro se, however, the Court may consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No. 12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (quotation marks omitted), including, as relevant here, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010) (italics omitted).

B.  Analysis

    1.  Request for Pro Bono Counsel

Plaintiff appears to renew his request to be assigned pro bono counsel.  (*See* Am. Compl. 5–6.)  This request has previously been denied without prejudice twice.  (*See* Order; Dkt. No. 56.)  The Court denies it once again.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision."  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (citation omitted).  When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry.  *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir. 2003).  First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'"  *Id.* at 203 (quoting *Hodge*, 802 F.2d at 61–62); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (citations and quotation marks omitted)).  In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success.  *Hodge*, 802 F.2d at 60 (citation and quotation marks omitted).  In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

6

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (alteration omitted) (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (citation and quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . ." (citation omitted)).

As discussed in further detail below, the Court finds Plaintiff's claims have not met the threshold of showing some likelihood of merit. Even interpreted liberally, Plaintiff's pleadings fail to allege the existence of a constitutional violation. Plaintiff has also failed to demonstrate a showing of the prudential *Hodge* factors meriting the assignment of pro bono counsel. Although Plaintiff is litigating his claims against trained lawyers, a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 3303773, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (record citation, alterations, and quotation marks omitted)).

7

Moreover, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013).  Plaintiff's case is largely based on the retelling of public events—specifically, allegedly unconstitutional publications—and "do[es] not appear to require outside investigation" at this stage of the case.  *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009).  Therefore, Plaintiff's request for pro bono counsel is denied.

    2.  Motion To Dismiss

  Defendants argue that the Amended Complaint fails to comply with Federal Rule of Civil Procedure 8(a); that Plaintiff has failed to allege municipal liability for or individual personal involvement in any constitutional violation; that absolute and qualified immunity apply; and that Plaintiff otherwise fails to state a claim for conspiracy under § 1983, the state created danger doctrine, and any state law claim.  (*See generally* Defs.' Mem.)  The Court considers the arguments as needed.

  The only discernible factual allegations in Plaintiff's Amended Complaint are that Noto, O'Rourke, and Hochheiser "systematically and clandestinely leaked information to the press concerning Plaintiff's DNA profile," and that Hochheiser and O'Rourke met with Greer, Kelch, and Eustace "to discuss Plaintiff['s] DNA profile."  (Am. Compl. 4.)  In his Opposition, Plaintiff adds that Defendants were behind "defamatory" social media posts that were "viewed by thousands of [p]eople," many of whom "express[ed] their disdain for Plaintiff."  (Pl.'s Mem. 3.)  Plaintiff also claims that Greer, Kelch, Lunn, and Eustace provided "unauthorized DNA samples."  (*Id*. at 5.)  Beyond these allegations, Plaintiff's pleading and Opposition

Memorandum are replete with conclusory statements regarding the alleged miscarriage of justice. (*See generally* Am. Compl.; Pl.'s Mem.)

Plaintiff's allegations have not materially changed since his original Complaint, and as this Court has previously determined, even when liberally read, there is no constitutional violation present within Plaintiff's allegations, either against the County or any individual Defendant. There is no constitutional right barring state prosecutors from discussing evidence in Plaintiff's case with the press. To the extent Plaintiff seeks to argue that these articles threatened the fairness of a trial by creating an impartial jury, *see Sheppard v. Maxwell*, 384 U.S. 333, 362–63 (1966) (explaining that trial courts should sometimes take "strong measures" to ensure that a trial is not prejudiced by "[c]ollaboration between counsel and the press"), Plaintiff offers no facts to support such a claim, such as the timing of the press release or even whether Plaintiff had a jury trial. Nor did Defendants, alleged to be state prosecutors, police officers, and/or a forensic specialist employed by the County, commit any constitutional violation by "discuss[ing] Plaintiff's DNA profile" with each other. (Am. Compl. 4.)

To the extent Plaintiff alleges that he was denied his Sixth Amendment right to confront and cross-examine witnesses who testify against criminal defendants, (*see* Pl.'s Mem. 4–5), Plaintiff has not articulated any facts that demonstrate when and how Plaintiff was deprived of this right. The Sixth Amendment right to confront witnesses pertains to "criminal prosecutions" and not to statements to the media. *Soto v. City of New York*, No. 04-CV-4559, 2005 WL 66893, at \*5 (S.D.N.Y. Jan. 11, 2005) (citation and quotation marks omitted).

To the extent Plaintiff appears to accuse Defendants of conspiring with the media to characterize him as a violent offender and illegal immigrant in the Article, (Am. Compl. 4–5), such allegations do not constitute a cognizable constitutional violation contemplated by 42

9

U.S.C. § 1983 or § 1985.  *See Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ("Defamation . . . is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action." (citation omitted)); *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, 51 F. Supp. 3d 319, 347 (S.D.N.Y. 2014) (noting that conspiracy to commit a tort is not an independent cause of action); *Cuoco v. U.S. Bureau of Prisons*, No. 98-CV-9009, 2001 WL 167694, at *3 (S.D.N.Y. Feb. 16, 2001) (explaining that § 1985 "does not provide any substantive rights" but only "provides a remedy for violation of the rights it designates," such as rights articulated by the Constitution or other laws (citation and quotation marks omitted)).

Moreover, nothing in Plaintiff's pleading or Opposition suggests that these actions—even if unconstitutional—were part of an "official policy or custom," which is an essential element of a § 1983 claim against a municipality.  *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (citations and quotation marks omitted).  Although Plaintiff writes that the County "is responsible for properly training . . . staff/employees to accurately interpret and properly exercise the United States['] Constitutional laws," (Am. Compl. 5), such conclusory boilerplate statements do not plausibly allege municipal liability, *see Masciotta v. Clarkstown Cent. Sch. Dist.*, 136 F. Supp. 3d 527, 547 (S.D.N.Y. 2015) (concluding that "general allegations" against a municipal defendant were "conclusory, and therefore must be disregarded" (citation and quotation marks omitted)); *Simms v. City of New York*, No. 10-CV-3420, 2011 WL 4543051, at *3 (E.D.N.Y. Sept. 28, 2011) (dismissing conclusory allegations that did not provide any facts that would allow the court to infer what municipal policies or practices led to the alleged training deficiency (citing *Iqbal*, 556 U.S. at 678–79))*, aff'd*, 480 F. App'x 627 (2d Cir. 2012); *5 Borough Pawn, LLC v. City of New York*, 640 F. Supp. 2d 268, 300 (S.D.N.Y. 2009) (dismissing municipal

10

liability claim where the "plaintiffs fail[ed] to allege any facts showing that there is a [municipal] policy—unspoken or otherwise—that violates the Federal Constitution").

Additionally, because the Court finds that no constitutional violation has been plausibly alleged, it follows that no claim that Defendants conspired to violate Plaintiff's constitutional rights may survive. (*See* Defs.' Mem. 13–14.)  To state a claim for a conspiracy under § 1983, Plaintiff must allege facts showing: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *McGee v. Dunn*, No. 09-CV-6098, 2015 WL 9077386, at *5 (S.D.N.Y. Dec. 16, 2015) (quoting *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)), *aff'd*, 672 F. App'x 115 (2d Cir. 2017); *see also Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (noting that where a plaintiff alleges that a private entity conspired with a state actor, "the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act" and was "a willful participant in joint activity with the State or its agents" (citations and quotation marks omitted)).  "A conspiracy claim fails as a matter of law where there is no underlying constitutional violation, as is the case here." *Demosthene v. City of New York*, No. 14-CV-816, 2018 WL 10072931, at *8 (E.D.N.Y. July 20, 2018) (citation omitted), *adopted by* 2019 WL 3992868 (E.D.N.Y. Aug. 19, 2019), *filing appeal*, No. 19-3002 (2d Cir. Sept. 16, 2019); *Beckles v. City of New York*, No. 08-CV-3687, 2011 WL 722770, at *6 (S.D.N.Y. Feb. 25, 2011) (same) (ultimately citing *Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001)), *aff'd*, 492 F. App'x 181 (2d Cir. 2012).

Plaintiff's claims under the state-created danger theory are also not cognizable. (*See* Am. Compl. 4.)  The state-created danger doctrine applies when "a state actor aids and abets a private

11

party in subjecting a citizen to unwarranted physical harm." *Golian v. N.Y.C. Admin. for Children Servs.*, 282 F. Supp. 3d 718, 730 (S.D.N.Y. 2017) (citation, emphasis, and quotation marks omitted). This cause of action requires allegations that a state actor "affirmatively encouraged third party violence." *Id.* at 730–31 (emphasis and quotation marks omitted) (citing *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 429–30 (2d Cir. 2009)). In his Opposition Memorandum, Plaintiff claims that online publications—purportedly spurred by Defendants' actions—resulted in comments expressing "disdain" for Plaintiff. (Pl.'s Mem. 3.) Negative online comments do not constitute the kind of egregious conduct necessary for state-created danger claims.

To the extent Plaintiff seeks to bring a state law claim for defamation against Defendants, it is dismissed because Plaintiff has failed to affirmatively plead that he filed a notice of claim against Defendant. Under New York law, "as a condition precedent to bringing a claim against a municipality, a plaintiff must file a notice of claim within 90 days after her claim accrues." *Russell v. Westchester Cmty. Coll.*, No. 16-CV-1712, 2017 WL 4326545, at *5 (S.D.N.Y. Sept. 27, 2017) (citing N.Y. Gen. Mun. Law § 50-e(1)(a)); *see also* N.Y. Gen. Mun. Law § 50-k(6) ("No action . . . shall be prosecuted or maintained against the city . . . or an employee . . . unless notice of claim shall have been made and served upon the city . . . ."); *Olsen v. County of Nassau*, No. 05-CV-3623, 2008 WL 4838705, at *1 (E.D.N.Y. Nov. 4, 2008) ("As a 'condition precedent' to commencing a tort action against New York municipalities, or any of their officers, agents, or employees, New York General Municipal Law § 50-e requires plaintiffs to file a notice of claim within [90] days after the claim arises." (citation omitted)). Moreover, "in a federal court, state notice-of-claim statutes apply to state-law claims." *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (citations and emphasis omitted). "Federal courts do not

12

have jurisdiction to hear complaints from plaintiffs who have failed to comply with the notice of claim requirement, or to grant permission to file a late notice." *Gibson v. Comm'r of Mental Health*, No. 04-CV-4350, 2006 WL 1234971, at *5 (S.D.N.Y. May 8, 2006) (footnote omitted). Further, "the burden is on [the p]laintiff to demonstrate compliance with the notice of claim requirements." *Peritz v. Nassau Cty. Bd. of Coop. Educ. Servs.*, No. 16-CV-5478, 2019 WL 2410816, at *4 (E.D.N.Y. June 7, 2019) (citations omitted), *reconsideration denied*, 2019 WL 2743640 (E.D.N.Y. July 1, 2019); *see also Naples v. Stefanelli*, 972 F. Supp. 2d 373, 390 (E.D.N.Y. 2013) ("To survive a motion to dismiss, a plaintiff must affirmatively plead that a notice of claim was filed." (citing, inter alia, N.Y. Gen. Mun. Law § 50-i(1)(b))).  "The notice of claim requirements are strictly construed, and a plaintiff's 'failure to comply with the mandatory New York statutory notice-of-claim requirements generally results in dismissal of his claims.'" *Smith v. City of New York*, No. 04-CV-3286, 2010 WL 3397683, at *15 (S.D.N.Y. Aug. 27, 2010) (citation omitted), *aff'd sub nom. Smith v. Tobon*, 529 F. App'x 36 (2d Cir. 2013). Because Plaintiff failed to affirmatively plead that he filed a notice of claim with respect to any state law claims, those claims are dismissed. *See El v. City of New York*, No. 14-CV-9055, 2015 WL 1873099, at *8 (S.D.N.Y. Apr. 23, 2015) ("Absent a showing of such a notice of claim, the complaint may be dismissed for failure to state a cause of action." (citation and quotation marks omitted)); *Naples*, 972 F. Supp. 2d at 390 (dismissing state law claims against municipality where "the [a]mended [c]omplaint is void of any allegation that a notice of claim was filed prior to the commencement of [the] action" (footnotes omitted)).[2]

---

[2] Because Plaintiff's claims are dismissed on their merits, the Court does not address Defendants' qualified or absolute immunity arguments.  (*See* Defs.' Mem. 11–13.)

III.  Conclusion

For the reasons stated above, Defendants' Motion To Dismiss is granted.  Plaintiff's Amended Complaint contained virtually all the same fatal flaws as his Complaint. Notwithstanding Plaintiff's pro se status, the Court sees no reason to provide Plaintiff with yet another opportunity to amend.  A complaint should be dismissed without prejudice if the pleading, "'liberally read,' suggests that the plaintiff has a claim that []he has inadequately or inartfully pleaded and that []he should therefore be given a chance to reframe." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation and alterations omitted) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  If a complaint, however, has substantive problems and "[a] better pleading will not cure [them]," "[s]uch a futile request to replead should be denied." *Id.* (citing *Hunt v. All. N Am. Gov't Income Tr.*, 159 F.3d 723, 728 (2d Cir. 1998)).  Even pro se plaintiffs are not entitled to file an amended complaint if the complaint "contains substantive problems such that an amended pleading would be futile." *Lastra v. Barnes & Noble Bookstore*, No. 11-CV-2173, 2012 WL 12876, at *9 (S.D.N.Y. Jan. 3, 2012), *aff'd*, 523 F. App'x 32 (2d Cir. 2013). Because the Court finds that further amendment would be futile, Plaintiff's claims are dismissed with prejudice. *See Franza v. Stanford*, No. 16-CV-7635, 2019 WL 452053, at *8 (S.D.N.Y. Feb. 5, 2019) (dismissing pro se plaintiff's amended pleading with prejudice).

The Clerk is respectfully directed to terminate the pending Motion, (Dkt. No. 50), mail a copy of this Opinion & Order to Plaintiff, and close this case.

SO ORDERED.

Dated: August 4, 2020
        White Plains, New York

                                              KENNETH M. KARAS
                                          United States District Judge